FAG ITALIA, S.p.A., FAG BEARINGS CORP., SKF USA Inc. and SKF INDUSTRIE S.p.A., Plaintiffs and Defendant-Intervenors, v. UNITED STATES, Defendant, and THE TORRINGTON COMPANY, Defendant-Intervenor and Plaintiff.

Consol. Court No. 97–00260–S

### *JUDGMENT*

TSOUCALAS, Senior Judge: This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in *FAG Italia v. United States*, 402 F.3d 1356 (Fed. Cir. 2005) and the CAFC's mandate of May 31, 2005, reversing and remanding the judgment of the Court in *FAG Italia v. United States*, 24 CIT 1311 (2000) and *FAG Italia v. United States*, 25 CIT 1038 (2001) (affirming remand results submitted pursuant to *FAG Italia*, 24 CIT 1311).[1] Based on the CAFC's decision, the Court remanded this matter to the United States Department of Commerce ("Commerce"). Commerce was instructed to allow FAG Italia, S.p.A. ("FAG Italia") an opportunity to demonstrate that its antidumping duty margin was incorrectly determined because Commerce's use of actual expenses did not account for United States credit and inventory carrying costs in the calculation of total expenses. *See* Order (July 6, 2005). Commerce filed its *Final Results of Redetermination Pursuant to Court Remands* ("*Remand Results*") on October 5, 2005. Pursuant

---

[1] The Torrington Company was acquired by the Timken Company in 2003, and is now known as Timken U.S. Corporation.

to the Court's remand, Commerce invited FAG Italia to show that its dumping margin had been incorrectly determined. *See Remand Results* at 3. Commerce's invitation. FAG Italia, however, failed to respond to *See id.* at 3–4.

Commerce determined that it had properly calculated FAG Italia's antidumping duty margin and did not change the previously assigned margin. *See id.* at 4–5. FAG Italia's weighted-average percentage margin for the period of May 1, 1994, through April 30, 1995, is 4.12 percent for ball bearings and parts thereof.

This Court, having received and reviewed Commerce's *Remand Results*, holds that Commerce duly complied with the Court's remand order and it is hereby

ORDERED that Commerce's *Remand Results* are reasonable, supported by substantial evidence, and is otherwise in accordance with law; and it is further

ORDERED that the *Remand Results* filed by Commerce on October 5, 2005, are affirmed in their entirety; and it is further

ORDERED that since all other issues have been decided, this case is dismissed.

